### UNITED STATES of America, Plaintiff-Appellee,

v.

### John David NICKERSON, Defendant-Appellant.

### No. 13426.

United States Court of Appeals Seventh Circuit.

May 31, 1962.

---

Jerry P. Belknap, Richard E. Deer, Indianapolis, Ind., for appellant.

Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., Philip Carlton Potts, U. S. Atty., South Bend, Ind., Arthur L. Burnett, Attorney, U. S. Department of Justice, Washington, D. C., for appellee.

Herbert J. Miller, Jr., Asst. Atty. Gen., Criminal Division. Alfred W. Moellering, U. S. Atty., Department of Justice.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from a judgment of conviction for a violation of Title 18 U.S.C.A. § 659.[1]

Defendant John David Nickerson and one Juneus Smith were charged in a one-count indictment with theft of soap and margarine[2] of a value in excess of $100 from an interstate shipment of freight taken from a trailer located in a parking lot in Hammond, Indiana on or about March 5, 1961. The indictment was returned on March 10, 1961.

Before trial, Smith pleaded guilty to the indictment. He was a government witness at the subsequent trial of defendant Nickerson.

Nickerson was tried by the court without a jury on May 19, 1961. He was found guilty and sentenced to seven years confinement. This appeal followed.

Defendant asserts that the trial court committed several prejudicial errors requiring a reversal of his conviction. These may be summarized as hereinafter set out.

Defendant charges that he was forced to trial, over his vigorous objection, with court appointed counsel when he had not requested counsel, desired counsel of his own choice, was not given sufficient opportunity to employ his own counsel and had not been informed of or waived his right to represent himself.

Defendant further charges that his court appointed counsel was unprepared for the trial, that this was not denied and that the trial court made no inquiry of such counsel on this subject.

Defendant asserts as evidence of further prejudice to his rights the fact that his court appointed counsel entered into a stipulation with Government counsel stipulating all matters necessary to proof of his guilt, except the identity of the persons who committed the theft. The record discloses such a stipulation. Defendant further asserts that he did not consent to the stipulation, was not asked about it by the court, was not advised that it would waive his right to be confronted with witnesses against him—all in the face of his indication that he wanted a vigorous defense made. Also, he states that he did not understand the legal effect of the stipulation and that it was never explained to him.

Finally, defendant charges that his court appointed counsel then stood by

---

1. "§ 659. * * * Whoever embezzles, steals, or unlawfully takes, carries away * * * from any * * * motortruck, or other vehicle, or from any station, station house, platform or depot * * * with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express; * * *

    \* \* \* \* \*

    "Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; but if the amount or value of such * * * goods or chattels does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

2. The indictment charges defendants with the theft of 14 cases of Imperial Margarine and 2 cases of Dove Soap.

without objection and permitted the trial court to take over the duties of Government counsel with a prolonged, vigorous and coercive examination of his co-defendant Smith, who had pleaded guilty but had yet not been sentenced by the trial court.

The record in this case is not long and we have carefully reviewed it. It would serve no good purpose to burden this opinion with a recitation of the portions thereof cited by defendant in support of his charges of prejudice or by the Government in refutation thereof.

It is sufficient for us to say that, based on our review of the record as a whole, considering the totality of the circumstances surrounding the trial in question and the cumulative effect of errors asserted, we are compelled to the conclusion that defendant's constitutional rights were prejudicially infringed.

We hold that in this case defendant was not accorded a trial consistent with the minimum standards of federal justice fixed by the Constitution and decisions of the Supreme Court in laying down the guide lines to be followed by the courts on both trial and appellate levels.

This appeal was prosecuted *in forma pauperis*. Defendant was ably represented in this appeal by court appointed counsel, Mr. Jerry Belknap,[3] a distinguished member of the Indiana Bar, and his associate, Mr. Richard E. Deer. We commend them for this unselfish and dedicated service.

The judgment of conviction is reversed and this cause is remanded to the district court for a new trial.

Reversed and remanded.

---

3. Mr. Belknap is currently First Vice-President of the Bar Association of the Seventh Federal Circuit. We take notice of the long established practice in our Circuit Association in voluntarily furnishing appellate counsel for indigent appellants in this court. They have served without compensation or reimbursement for expenses.